Dear Mr. Lee:
You have requested an opinion of the Attorney General, in your capacity as Chief Deputy Assessor for the Bossier Parish Assessor's Office (Assessor) regarding the tax exempt status of logging equipment. You state that it has been the practice of the Assessor to tax all equipment used in the logging of timber, with the exception of equipment referred to in the logging business as "loghogs, skidders, processors, choppers, delimbers, slashers, ground saws, loaders, chippers and debarkers". Thus, your office has traditionally taxed bulldozers, earth moving and land clearing equipment whether used in the timber business or not.
By specific example, you state that timber loggers commonly use bulldozers with or without added special equipment to suit their purposes. The fact that bulldozers can also be used for land clearing has resulted in confusion over whether they should be taxed.
Initially, it should be noted that the authority to determine whether a particular taxpayer may be exempt from the payment of advalorem taxes is a factual determination exclusively reserved by the Louisiana Constitution and state law to the Assessor, the Louisiana Tax Commission and, ultimately, the courts. Attorney General Opinion Nos. 96-438, 94-602-, 94-603, 93-392, 92-660, 89-500 and 76-114. While the Attorney General does not have the authority to grant tax exemptions, we would like to assist you as to the applicable law which may be used in making your determinations.
The jurisprudence of this state has consistently held that constitutional and statutory grants of exemptions from taxation must be strictly construed in favor of the taxing body and against the taxpayer desiring the exemption. Any possible doubt is fatal. Thus, an exemption, being an exceptional privilege, must be clearly, unequivocally and affirmatively established. ZapataHaney Corp. v. Larpenter, 583 So.2d 867 (La.App. 1st Cir. 1991), writ denied.
As you are aware, Article VII, Section 21(C)(11) of the Louisiana Constitution of 1974 provides, in pertinent part, the following:
 Section 21. In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation.
 * * *
 (C)(11) agricultural products while owned by the producer, agricultural machinery and other implements used exclusively for agricultural purposes, animals on the farm, and property belonging to an agricultural fair association;
R.S. 47:1707, as amended by Act No. 26 of the 1982 Regular Session of the Louisiana Legislature, clarified the definition of "agricultural machinery and other implements used exclusively for agricultural purposes", with respect to logging equipment as follows:
 "§ 1707. Exemptions, agricultural machinery and implements, farm structures, and timber logging equipment.
 For the purpose of applying the exemption from ad valorem taxation provided in Section 21 of Article VII of the Constitution of Louisiana, the terms "agricultural machinery and other implements used exclusively for agricultural purposes" shall mean all equipment utilized in the logging of timber whether used by the owner or lessor of the agricultural land or on a contractual service basis by someone other than the owner or lessor but shall exclude, except as otherwise provided herein, bulldozers, earth moving, and land clearing equipment utilized in such agricultural activities on a contractual service basis by someone other than the owner or lessor of the agricultural lands involved.
Based on the above language, it is the opinion of this office that the following equipment is exempt from ad valorem taxation:
 (1) all equipment utilized in the logging of timber by the owner of the agricultural land;
 (2) all equipment utilized in the logging of timber by the lessor of the agricultural land;
 (3) all equipment utilized in the logging of timber on a contractual service basis by someone other than the owner or lessor, with the exception of bulldozers, earth moving and land clearing equipment.
In other words, if the bulldozers, earth moving and land clearing equipment are being used by the owner or the lessor of the agricultural land, it would appear said equipment is exempt from ad valorem taxation. Conversely, if this same equipment is used by someone engaged on a contractual service basis, the equipment would appear to be subject to taxation. In accord is Attorney General Opinion No. 84-537.
Trusting this adequately responds to your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ROBERT E. HARROUN, III Assistant Attorney General
RPI/Rob3/sfj
Honorable Fern Lee, CLDA Chief Deputy Assessor Bossier Parish 204 Burt Blvd. P.O. Box 235 Benton, LA 71006-0325
DATE RECEIVED: DATE RELEASED: March 3, 2000